BAHRAM NIKNIA (SBN 256181)
NIKNIA LAW FIRM
1875 Century Park East, Suite 1240
Los Angeles, CA 90067
Telephone: (310) 601-8025
Facsimile: (310) 909-7179
bniknia@niknialaw.com

Attorneys for Plaintiff
*Bruce Brown Films, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BROWN FILMS, LLC<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FOOTLOCKER, INC., NIKE, INC., and DOES 1 through 10, inclusive<br><br>　　　　　Defendants. | Case No. 2:20-cv-2553<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br><br>**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN;**<br><br>**(3) FEDERAL TRADEMARK DILUTION;**<br><br>**(4) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff is the legal and/or beneficial owners of certain trademarks, trade dress, copyrights, commercial use and merchandising rights, publicity rights and related rights associated with the well-known motion picture "The Endless Summer" and its equally well-known film posters (collectively, the "Endless Summer Brand").

2. This action arises out of Defendant's willful and intentional acts of trademark.

3. Defendant Footlocker owns and operates the Champs retail shops throughout the United States.

4. Defendant Nike makes and sells athletic footwear, among other goods.

5. Beginning in or about May 2019 until August 2019, Champs and Nike used Plaintiff's Endless Summer trademark along with distinctive elements of Plaintiff's Endless Summer poster image to conducted a sales promotion relating to Nike shoes offered by Champs through its online website and in all 529 Champs retail stores throughout the United States (the "Infringing Conduct").

6. Even after Defendant Champs received Plaintiff's letter demanding that it cease and desist its infringing conduct, Champs continued the Infringing Conduct.

7. Defendants have created confusion and traded off the good will associated with The Endless Summer by using the Endless Summer Brand in connection with sales and offers to sell shoes and other goods in a manner that is likely to confuse consumers as to Plaintiff's sponsorship, association with or endorsement of Defendants retail stores and in direct competition with Plaintiff.

## PARTIES

8. Plaintiff Bruce Brown Films, LLC ("Plaintiff") is a California limited liability company with a principle place of business in Los Angeles, California.

9. Plaintiff is informed and believes that Footlocker, Inc. ("Footlocker"), is a New York corporation with a place of business in New York, New York. Plaintiff is informed and believes that Footlocker owns and operates Champs retail stores throughout the United States including California.

10. Plaintiff is informed and believes that Nike, Inc., ("Nike") is an Oregon corporation, with a place of business in Beaverton, Oregon. Plaintiff is informed and believes that Nike sells footwear and other goods throughout the United States, including California.

11. Defendants Doe 1 through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this Complaint to "Defendant" or "Defendants" refers also to all Defendants, including Footlocker, Champs, Nike and all Defendants sued under fictitious names.

12. Plaintiff is informed and believes, and on thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, was the agent, employee, or representative of each of the remaining Defendants, and in doing the things hereinafter alleged, was at times acting within the course and scope of this agency or employment, and at other times, acting in his own individual capacity. In the alternative, each of the individually named Defendants, as alleged herein below, acted in concert and in furtherance of their fraudulent plan and scheme and each actively participated in the wrongful acts alleged herein below.

Complaint

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338, because the action arises under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, and pursuant to the supplemental jurisdiction provisions contained in 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because, on information and belief, Defendants regularly conduct and have conducted business in California and this District by, among other things, operating stores and selling products throughout the state of California and in this District.  Specifically, on information and belief, Footlocker and Nike engaged in the Infringing Conduct alleged herein at all of Footlocker's Champs stores in Los Angeles.  Additionally, Defendants' conduct occurred in this District and has caused, and continues to cause Plaintiff to suffer harm in this District.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that, inter alia, a substantial portion of the acts giving rise to this case occurred within this district, and pursuant to 28 U.S.C. § 1400, in that Plaintiffs and these Defendants, or their agents, conduct business, reside or may be found within this district.

## PLAINTIFF'S BUSINESS AND INTELLECTUAL PROPERTY

16. Plaintiff's founder, Bruce Brown, was an internationally recognized pioneer in the field of films and documentaries depicting the sport of surfing and has been dubbed "the [Ingmar] Bergman of the [surf]boards" by Time magazine.

17. Mr. Brown's 1966 motion picture, The Endless Summer, which follows two surfers on their trip around the world in search of the perfect wave is considered to be one of the most influential films to depict surfing and the surfing lifestyle.  The title of the film, coined by Mr. Brown, refers to the idea that one could surf throughout the year if they were able to follow the summer season by traveling around the world, thereby making the summer endless.

18. The Endless Summer film has been hailed as "the most important and influential statement on surfing" by the Washington Post, "perfectly expressing the surfing spirit," by the New Yorker magazine, and "The greatest surf film ever made," by Surfer Magazine.

19. In addition, the movie posters from The Endless Summer film, are also considered iconic and world famous. The film poster at issue in this case was designed by Bruce Brown and consists of a series of stylized blue waves with a large orange sun (the "Film Poster"). A true and correct copy of the Film Poster is attached at Exhibit A.

20. As a result of the success and popularity of The Endless Summer film and Film Poster and the substantial time, money and effort that has been expended to promote them, goods and services based on The Endless Summer film and poster image has been widely sold and distributed in the United States and elsewhere. Such goods and services have been identified and distinguished in various ways, including through the use of the words "Endless Summer," the slogans "In Search of the Perfect Wave," and "Search for the Perfect Wave" (collectively the "Slogans"), various images and compositional elements from the film and emblematic of the film poster, and combinations of the words "Endless" and/or "Summer," plus the Slogans and images and elements from the film and film poster.

21. Plaintiff, Bruce Brown Films, LLC, was organized to manage the merchandising and licensing of distinctive trademarks and copyrights associated with the success and renown of the Endless Summer film and poster.

22. Plaintiff is the legal and beneficial owner of multiple federal trademark registrations (the "Trademarks"), for the brand name ENDLESS SUMMER, THE ENDLESS SUMMER, and the Endless Summer design mark, true and correct copies of which are attached hereto at Exhibit B, for a wide variety of merchandise and services, as follows:

| Mark | Reg. Date | Reg. or Serial Number | Classes |
|---|---|---|---|
| The Endless Summer | July 28, 1992 | 1703373 | 25 |
| Endless Summer | Sept. 25, 2007 | 3298604 | 6; 9; 11; 14; 16; 18; 21; 24; 25; 28; 32 |
| Endless Summer | Jan. 15, 2008 | 3369887 | 25; 28 |
| Endless Summer | Dec. 21, 2010 | 3894999 | 39; 43 |
| Endless Summer | Oct. 30, 2012 | 4232348 | 35 |
| Endless Summer | Jan. 15, 2013 | 4276188 | 35; 42; 43 |
| Endless Summer | Sept. 17, 2013 | 4403128 | 25 |
| Endless summer | Dec. 19, 2017 | 5358587 | 33 |
| Endless summer | March 5, 2019 | 5690612 | 6 |
| Endless Summer | May 21, 2019 | 5754259 | 41 |
| Endless Summer | June 18, 2019 | 5780572 | 9 |

23. The Endless Summer Brand has been the subject of authorized, licensed use for various goods and services for at least 35 years, and Plaintiff has granted licensing rights to the Trademarks and Film Poster for use on, and in, merchandise, goods and services.

24. The Film Poster has been used in connection with The Endless Summer film for over fifty years, and appears on various Endless Summer branded merchandise. As a result, consumers associate the Film Poster with the Endless Summer Brand and film.

25. The Endless Summer Brand continues to be a highly profitable property for purposes of licensing goods and services. Under applicable licensing agreements, many different products featuring Endless Summer Brand are available to the public, including, without limitation, apparel, accessories, stationery, mugs, posters, signs, collectibles, jewelry, alcohol, beer, wine and numerous other

Complaint

products. These products are manufactured under strict quality control and style approval.

26. Plaintiff has also licensed the use of the Endless Summer brands in connection with promotional and media uses, including retail services and media promotion rights.

27. The products and services licensed by authority of Plaintiff have become, and are, well known to the American public, and products based on Endless Summer have generated wide consumer appeal.

28. As a result of the above-described actions, the Endless Summer Trademarks as well as images from and emblematic of the Endless Summer film and poster possess valuable goodwill and are well known to the public as identifying products and services which are authorized by Plaintiff, and which originate from Plaintiff. For this reason, Plaintiff possesses common law trademark rights in the names Endless Summer and in images from and emblematic of the Endless Summer film and film poster, in addition to the registered Trademarks.

29. Plaintiff's Trademarks are all valid, extant and in full force and effect. The Trademarks are all exclusively owned by Plaintiff. Plaintiff has continuously used each of the Trademarks from the registration date, or earlier, until the present time and at all times relevant to the claims alleged in this Complaint.

30. As a result of advertising and sales, together with longstanding consumer acceptance, the Trademarks identify Plaintiff's products and services, and the authorized sales of these products and services. The Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world.

31. The revenue from goods and services sold in the United States which use the Trademarks is substantial. The appearance and other features of the Trademarks are inherently distinctive and serve to identify Plaintiff, and its licensees as the source of products bearing the Trademarks.

32. Plaintiff's Intellectual Property is well known to the American public, and is permanently intertwined with the motion picture The Endless Summer, and as such, Endless Summer and the images emblematic of the Endless Summer film poster have become famous and distinctive brands.

### **Defendants' Infringing Acts**

33. On information and belief, Footlocker is engaged in the business of selling merchandise, including footwear, clothing and headwear, through their Champs retail and online stores ("Champs"). Nike is a major supplier of footwear, clothing and related products that Champs sells.

34. On information and belief, in or about May of 2019, Defendants launched a marketing campaign that used the words "Endless Summer" and distinctive and recognizable elements of the Film Poster (the "Endless Summer Campaign").

35. The Endless Summer Campaign was used to promote the sales of at least six styles of Nike shoes, including those in the Nike React Presto and Nike Air Max styles, in addition to Nike shirts, hats, and shorts both online and in Champs retail stores.

36. The Endless Summer Campaign appeared multiple times online on Champs' Facebook account pages from at least May 12, 2019 until August 20, 2019.

37. The Endless Summer Campaign appeared multiple times online on Champs' Twitter account pages from at least May 30, 2019 until August 20, 2019.

38. The Endless Summer Campaign appeared online on Champs' online retail website from at least June 13, 2019 until August 20, 2019.

39. The Endless Summer Campaign appeared in Champs' retail stores throughout the United States from at least June 5, 2019 until June 25, 2019.

40. Defendant's unauthorized use of the Trademarks in Defendant's Endless Summer Campaign creates confusion as to Plaintiff's authorization,

association with or endorsement of Defendants' goods, retail stores and online stores.

41. Defendants knowingly intended to impermissibly trade on the fame and goodwill associated with Plaintiff's intellectual property in its unauthorized use of Plaintiff's Intellectual Property.

## COUNT ONE

### Trademark Infringement, 15 U.S.C. §1114 *et seq.*

### Against All Defendants and Does 1-10 (Collectively "Defendants")

42. Plaintiff realleges and incorporates by reference, the full text of all of the foregoing paragraphs and exhibits as though fully set forth herein.

43. Plaintiff holds valid and subsisting trademark registrations for the Trademarks and has used them extensively and continuously in interstate commerce throughout the United States.

44. The Endless Summer marks are arbitrary and fanciful and have attained secondary meaning. Registration numbers 1703373, 3298604, 3369887, 4232348, and 4403128 have all been deemed incontestable, pursuant to the filing of affidavits under 15 USC §§ 1058 and 1065.

45. As a direct and proximate result of Defendants' use of the Trademarks and other indicia identifying Plaintiff on and/ or in connection with the Infringing Conduct, the public has been and/or is likely to be confused, deceived and/ or to falsely believe that there is an association between Plaintiff on the one hand, and Footlocker's Champs stores and Nike, on the other.

46. Defendants' distribution, sale and offer of sale of goods in connection with Plaintiffs' Trademarks in California and interstate commerce has, and will, cause the likelihood of confusion, deception, and mistake in that the public will conclude that the goods sold, offered or distributed by the Defendants are authorized, sponsored, approved, or associated with the Plaintiff.

Complaint

47. As a direct and proximate result of Defendants' actions as above-described, the public is likely to be confused as to the origin or source of Plaintiff's goods and services, i.e., the public is likely to believe that Footlocker's Champs retail and online stores, merchandise or goods as well as Nike's footwear promoted via the Endless Summer Campaign are associated with Plaintiff's and/or its licensees' goods and services bearing the Endless Summer Marks, when in truth and in fact they are not.

48. Plaintiff is informed and believes that Defendants currently operate, manufacture, distribute, offer to sell and/or sell merchandise throughout the United States in interstate commerce.

49. Because of Defendants' use of the Trademarks in connection with its Champs' stores and merchandise, Defendants' sales have had and will have an adverse effect upon Plaintiff's and its licensees' business in this District, the State of California and throughout the United States.

50. In addition, the continued distribution of Defendants' merchandise under and/or in connection with the Trademarks will cause the Trademarks to lose their distinctive qualities and will erode Plaintiff's selling power.

51. Because Plaintiff cannot control the nature and quality of Defendants' Champs stores or Nike merchandise, Defendants' infringing activities have had and will have an adverse effect on Plaintiff's business and reputation in this District, the State of California and throughout the United States. Said acts of infringement will cause irreparable injury to the Plaintiff if the Defendants are not restrained by the Court from further violation of the Plaintiffs' rights as the Plaintiffs have no adequate remedy at law.

52. As a direct and proximate result of Defendants' intentional actions, Plaintiff has suffered and will continue to suffer damages in an amount presently unknown and to be determined at time of trial.

53. As Defendant's actions have been willfully committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to Defendant's profits, treble Plaintiff's actual damages, an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT TWO
### Federal Unfair Competition and False Designation of Origin

54. Plaintiff realleges and incorporates by reference, the full text of all of the foregoing paragraphs and exhibits as though fully set forth herein.

55. Plaintiff's claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin and false descriptions and representations in interstate commerce.

56. As stated above, Plaintiff is the owner of all rights in and to the Endless Summer Trademarks which are inherently distinctive and are not merely functional.

57. Plaintiff has used its Trademarks on and in connection with a wide variety of goods and services, including but not limited to consumer goods, films, promotions, media, retail businesses, entertainment, advertising and events, in interstate commerce throughout the United States and indeed, worldwide.

58. Through Plaintiff's extensive advertising and promotional activities and merchandising and licensing activities, the Trademarks have acquired secondary meaning and are famous marks. Plaintiff has established extensive goodwill in the Trademarks and they are uniquely associated with Plaintiff in the minds of the general public.

59. Defendants have used the Endless Summer Trademarks on and/or in connection with retail and online stores and the sale and offering to sell merchandise, footwear and clothing items throughout the United States.

60. As the Infringing Conduct was conducted over the Internet, Defendants sale of, and offering to sell, merchandise is targeted to the same consumers as Plaintiff and its licensees target their Endless Summer related merchandise in interstate commerce throughout the United States.

61. Defendant's sales, and offers to sell, merchandise in Champs stores using Plaintiff's Trademark and other indicia associated with Plaintiff in the Endless Summer Campaign is likely to cause confusion, cause mistake, or deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's commercial activities.

62. Defendant's sales, and offers to sell, merchandise in Champs stores using Plaintiff's Trademark and other indicia associated with Plaintiff in the Endless Summer Campaign enables Defendants to benefit unfairly from Plaintiff's reputation and success, thereby giving Defendants stores and merchandise commercial value they would not otherwise enjoy.

63. Prior to Defendant's infringing use of Plaintiff's Trademarks in connection with the Infringing Conduct, Defendants were aware of Plaintiff's business, Trademarks, Trade Dress and the Copyright as a result of the popularity of Plaintiff's Endless Summer films and licensed merchandise, including clothing and related items, sold throughout the United States. Accordingly, Defendants use of Plaintiff's Trademarks was intentional, willful and without regard to Plaintiff's rights in its Trademarks.

64. Defendants' sales, and offers to sell, merchandise online through the Infringing Conduct and in its Champs stores with the Endless Summer Campaign, is intentionally designed to deceive and has deceived viewers and prospective advertising customers into believing that the Infringing Conduct was authorized, licensed or otherwise approved by Plaintiff.

Complaint

65. As a direct and proximate result of Defendants' actions, the public is likely to be confused and has been confused as to believe that Defendants' Champs stores, Nike merchandise or goods are associated with Plaintiff's and/or its licensees' goods and services bearing the Endless Summer Marks, when in truth and in fact they are not

66. As a direct and proximate result of Defendants' actions, Plaintiff is entitled to injunctive relief enjoining and restraining Defendants' from use of the Trademarks throughout the United States.

67. Because Plaintiff cannot control the nature and quality of Defendants' goods, Defendants' infringing activities have had and will have an adverse effect on Plaintiff's business and reputation in this District, the State of California and throughout the United States, and Plaintiff has no adequate remedy at law.

68. The Defendants have obtained gains, profits and advantages as a result of their unlawful acts.

69. As a direct and proximate result of Defendants' acts, Plaintiff has been injured and will continue to suffer monetary damages in this District, the State of California and throughout the United States in an amount presently unknown and to be determined at trial.

70. As Defendant's actions have been willfully committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to Defendant's profits, treble Plaintiff's actual damages, an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT THREE
### Federal Trademark Dilution

71. Plaintiff realleges and incorporates by reference, the full text of all of the foregoing paragraphs and exhibits as though fully set forth herein.

72. Plaintiff's claim arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

73. As stated above, Plaintiff is the owner of all rights in and to the Endless Summer Trademarks which are inherently distinctive and are not merely functional.

74. Plaintiff has used its Trademarks on and in connection with a wide variety of goods and services, including but not limited to consumer goods, films, promotions, media, entertainment, retail business, advertising and events, in interstate commerce throughout the United States and indeed, worldwide.

75. Through Plaintiff's extensive advertising and promotional activities and merchandising and licensing activities, the Trademarks have acquired secondary meaning and are famous marks. Plaintiff has established extensive goodwill in the Trademarks and they are uniquely associated with Plaintiff in the minds of the general public.

76. Defendants' above-described infringing uses of the Endless Summer Trademarks began after Plaintiff's Endless Summer Trademarks had become famous.

77. Defendants' above-described infringing uses cause actual dilution of Plaintiff's famous Endless Summer Trademarks in that they are likely to lessen the capacity of the aforesaid trademarks and trade dress to identify and distinguish Plaintiff's or its licensees' goods and services as defined in 15 U.S.C. § 1127.

78. As a direct and proximate result thereof, Plaintiff is entitled to injunctive relief enjoining and restraining Defendants from use of the Trademarks, and other Endless Summer Marks throughout the United States.

79. As Defendant's actions have been willfully committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to Defendant's profits, treble Plaintiff's actual damages, an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT FOUR

### Common Law Trademark Infringement

80. Plaintiff realleges and incorporates by reference, the full text of all of the foregoing paragraphs and exhibits as though fully set forth herein.

81. Plaintiff's claim arises under the common law of California for trademark and trade dress infringement.

82. The use by Defendants of the Trademarks in connection with the Infringing Conduct is in violation of Plaintiff's common law rights to the exclusive use of its Endless Summer Trademarks throughout California and the United States.

83. As a direct and proximate result of Defendants' infringing conduct, Plaintiff is entitled to injunctive relief enjoining and restraining Defendants' from use of the Trademarks throughout the United States.

84. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has suffered and will continue to suffer lost licensing profits and damage to its business reputation and goodwill in this District, the State of California and throughout the United States, providing no adequate remedy at law.

85. As a direct and proximate result of Defendants' infringing conduct, Plaintiff has been injured and will continue to suffer damages in this District, the State of California and throughout the United States in an amount presently unknown and to be determined at trial.

## COUNT FIVE

### Common Law Unfair Competition

86. Plaintiff realleges and incorporates by reference, the full text of all of the foregoing paragraphs and exhibits as though fully set forth herein.

87. Plaintiff's claim arises under California Business & Professions Code § 17200 for unfair competition.

88. Plaintiff is informed and believes that with full knowledge of the existence and fame of the Trademarks, Defendants have attempted to trade upon the

1 goodwill and fame of the Trademarks, and have misled and will mislead the public
2 into assuming a connection or association between Defendants and Plaintiff.
3     89. Defendants' use of the Trademarks and Trade Dress has caused and/or is
4 likely to cause damage to Plaintiff in this District, the State of California and
5 throughout the United States by tarnishing the valuable reputation and goodwill
6 Plaintiff has established in the Trademarks and Trade Dress and diluting the
7 distinctiveness of the Trademarks and Trade Dress.
8     90. The aforesaid acts by Defendants in falsely suggesting a connection
9 with Plaintiff, in tarnishing the reputation of Plaintiff and its products, and in
10 diluting the distinctive nature of Plaintiff's Endless Summer Trademarks constitute
11 acts of unfair competition in violation of Cal. Bus. & Prof. Code § 17200 and the
12 common law.
13     91. As a direct and proximate result of Defendants' infringing conduct,
14 Plaintiff is entitled to injunctive relief enjoining and restraining Defendants from use
15 of the Trademarks throughout the United States.
16     92. As a direct and proximate result of the willful and wanton acts of
17 Defendants, Plaintiff has been and will continue to be irreparably injured in this
18 District, the State of California and throughout the United States with no adequate
19 remedy at law.
20
21     **WHEREFORE**, Plaintiff respectfully prays for Judgment to be entered
22 against Defendants as follows:
23     1. That the Court enter a judgment against each Defendant that each
24 Defendant has willfully infringed Plaintiff's rights in the common law and federally
25 registered Trademarks referenced herein.
26     2. That the Court issue temporary, preliminary and permanent injunctive
27 relief against each Defendant, their officers, agents, representatives, servants,
28 employees, attorneys, successors and assigns, and all others in active concert and/or

1 participating with Defendants, so that all such persons be enjoined and restrained
2 from using Plaintiff's Trademarks and any colorable imitations of Plaintiff's
3 Trademarks on and in connection with the distribution, and or sale of any goods or
4 services.
5     3.    Directing that the Defendants deliver for destruction all Infringing
6 Merchandise including goods, labels, signs, prints, packages, dyes, wrappers,
7 receptacles, and advertisements in their possession or under their control bearing
8 any of Plaintiff's Trademarks, Trade Dress, Copyright or any simulation,
9 reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds,
10 heat transfers, screens, matrices, and other means of making the same.
11     4.    For an award of actual damages Plaintiff sustained as a result of
12 Defendants' acts of infringement, unfair competition and dilution of the Trademarks
13 pursuant to 15 U.S.C. § 1117(a) and the common law, and a trebling of such
14 damages.
15     5.    For an order requiring Defendants to account for and pay over to
16 Plaintiff all gain, profits and advantages derived by Defendant from its acts of
17 infringement, unfair competition and dilution of the Trademarks pursuant to 15
18 U.S.C. § 1117(a) and the common law.
19     6.    That the Court order each Defendant to pay Plaintiff both the costs of
20 this suit and the reasonable attorneys fees incurred by Plaintiff in investigating and
21 prosecuting this action.
22     7.    That the Court award Plaintiff on his state law claims compensatory
23 damages in an amount to be determined at trial.
24     8.    That the Court award Plaintiff punitive damages in such amounts as
25 may be determined at trial.
26     9.    That the Court award Plaintiff prejudgment interest according to law.
27     10.    That the Court grants to Plaintiff such other and additional relief as is
28 just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED: March 17, 2020

NIKNIA LAW FIRM
BAHRAM NIKNIA

By: /s/ Bahram Niknia
BAHRAM NIKNIA

*Attorneys for Plaintiff
Bruce Brown Films, LLC*